UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
ARNOLD TRINDADE,                                    MEMORANDUM
      Plaintiff,         & ORDER

                  99CV6363(SLT)(SMG)

  -against-


MICHAEL O. LEAVITT,
SECRETARY, DEPARTMENT
OF HEALTH AND HUMAN
SERVICES

      Defendant.
---------------------------------------------------X

Appearances of Counsel:

For Plaintiff:  Joseph F. Kilada, Esq.
      Law Offices of Joseph F. Kilada
      666 Old Country Road
      Suite 600
      Garden City, NY 11530

For Defendant: Roslynn R. Mauskopf, United States Attorney
      Eastern District of New York
      One Pierrepont Plaza, 14th Floor
      Brooklyn, NY 11201

      Of Counsel: Kevan Cleary
             Assistant U.S. Attorney

TOWNES, U.S.D.J.

In this action, Plaintiff has asserted claims alleging that the Defendant discriminated against him in violation of the following federal anti-discrimination statutes: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., on the basis of his race and national origin; (2) the Age Discrimination in Employment Act ("ADEA"), as amended, 29

U.S.C. § 621, et seq., on the basis of his age; and (3) the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq., on the basis of this alleged disabilities. Defendant moves for summary judgment dismissing this action pursuant to Federal Rule of Civil Procedure 56(e) because Plaintiff's new claims are unexhausted and he fails to allege an adverse employment action. For the reasons set forth below, the Defendant's motion is granted.

I. *Facts and Procedural History*[1]

In 1989, plaintiff Arnold Trindade ("Plaintiff" or "Trindade") was hired by the United States Food and Drug Administration ("FDA") as a microbiologist. (Plaintiff's Am. Complaint ("Complaint") ¶ 18.) Trindade is East Indian and was 66 years old as of the filing date of the Complaint, making him approximately 71 years old today. (Complaint ¶ 11.) He was employed by the FDA from 1989 until his retirement in 1998. (Complaint ¶ 19.) On December 11, 1995, Trindade filed a complaint with the Equal Employment Opportunity Commission ("EEOC

---

[1] In any motion for summary judgment, the moving party is required, pursuant to Local Rule 56.1(a), to submit a Statement of Material Facts that it contends are in dispute. The non-moving party then must, pursuant to Local Rule 56.1(b), set forth the material facts that it believes are in dispute. In this case, each of the parties has submitted a Statement of Material Facts pursuant to Local Rule 56.1. However, Plaintiff's Rule 56.1(b) Statement of Material Facts failed to controvert Defendant's Rule 56.1 Statement in the manner prescribed by the Rule. Specifically, plaintiff has failed to include a "correspondingly numbered paragraph responding to each numbered paragraph" in Defendant's Statement of Material Facts. Although it is not required to do so, this Court can attempt to wade through Plaintiff's Rule 56.1(b) Statement in an effort to do what Plaintiff should have done: determine which facts set forth by Defendant in its Rule 56.1(a) statement are controverted by Plaintiff. *See* Bagdasarian v. O'Neill, 00 CIV 0258, 2002 WL 1628722, at *2 (W.D.N.Y. July 17, 2002); *see also* Holtz v. Rockefeller & Co., 258 F.3d 62, 73-74 (2d Cir. 2001) (finding that "a district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules" and declining to admit those portions of defendant's Local Rule 56.1 statement that, although not contested by plaintiff, were unsupported by deposition testimony).

2

Complaint") alleging that he was unfairly downgraded in his Fiscal Year 1995 performance appraisal from the level of "outstanding" to the level of "excellent." (Cleary Aff. Ex B. at 3-4.) In his EEOC Complaint, Plaintiff alleges that he was downgraded to "excellent" because of his race, age and temporary disability of Carpal Tunnel Syndrome which caused him to miss 42 days of work. (Cleary Aff. Ex. B at 3.) He also complains that a "Co-op Student" received an outstanding appraisal and that he participated in training and earned various awards that were not taken into account by his evaluators. (*Id.*) Plaintiff requested: (1) that the 42 days be adjusted in compliance with the Worker's Compensation policy; (2) "[a] correct and just evaluation of the Element II;" (3) a notation in his report that he scored 100% on National Check Samples in 1993 and 1995; (4) that his evaluators consider his completion of both foreign and domestic inspections; and (5) recognition that he received an award from FDA Commissioner Dr. David Kessler.[2] (*Id.*)

Having found no discrimination, Defendant Department of Health and Human Services closed Plaintiff's complaint on July 30, 1999. (Pla. Mem. of Law at 2.) Shortly thereafter, Plaintiff filed the instant Complaint. In it, he claims that, in addition to Carpal Tunnel Syndrome,[3] he suffers from diverticulitis, a hernia and dizzy spells. (Complaint ¶ 12.) Plaintiff also alleges that it took him six years to be promoted from a GS-11 salary gradient to GS-12, while "a number" of his Caucasian or African-American co-workers were promoted to GS-14, and that he was denied training that would have augmented his credentials and thereby made him

---

[2] The claims raised in Plaintiff's EEOC Complaint will hereafter be referred to as the "Original Claims."

[3] Plaintiff now argues that Carpal Tunnel Syndrome is a permanent disability, while the EEOC Complaint alleged it to be a temporary disability. (*Compare* Cleary Aff. at 3 *with* Pla. Mem. of Law at 7-10.)

a more likely candidate for promotion to GS-14.[4] (Complaint ¶¶ 24-31.) The Complaint also includes Plaintiff's Original Claims (Defendant's alleged discriminatory evaluation system and failure to credit him for certain training and awards). (Complaint ¶¶ 32-38.) Plaintiff argues these actions constitute discrimination on the bases of (1) race and national origin, under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000(e), et seq.; (2) disabilities, under the Rehabilitation Act, 29 U.S.C. § 701 et. seq.; and (3) age, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 et. seq. Defendant moves for summary judgment, arguing that the New Claims are unexhausted, and that Plaintiff fails to state an adverse employment action.

II. *Discussion*

Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law." <u>Holtz v. Rockefeller & Co.</u>, 258 F.3d 62, 69 (2d Cir. 2001) (*quoting* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986)). To be "genuine," an issue of fact must be supported by evidence "such that a reasonable jury could return a verdict for the nonmoving party." <u>Holtz</u>, 258 F.3d at 62. Because the moving party bears the burden of showing that there are no genuine issues of material fact, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986), "a court must resolve all ambiguities and draw all reasonable inferences against [it]." <u>Alston v. New York City Transit Authority</u>, 2003 U.S. Dist. LEXIS 21741, *4 (S.D.N.Y. 2003) (*quoting* <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986)).

---

[4] Plaintiff's new disability claims (diverticulitis, hernia and dizzy spells), and claims of denial of training and failure to promote will hereafter be referred to as the "New Claims."

4

*Exhaustion*

Defendant argues that Plaintiff's New Claims should be dismissed because they have not been exhausted. "A district court only has jurisdiction to hear Title VII claims that are either included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." <u>Butts v. City of New York Department of Housing Preservation and Development</u>, 990 F.2d 1397, 1401 (2d Cir. 1993). "This exhaustion requirement is an essential element of Title VII's statutory scheme, [the purpose of which is to] encourage settlement of discrimination disputes through conciliation and voluntary compliance." <u>Id.</u>

Plaintiff cites <u>Kirkland v. Buffalo Board of Education</u>, 622 F.2d 1066 (2d Cir. 1980), in support of his argument that the New Claims are reasonably related to the Original Claims. In <u>Kirkland</u>, the plaintiff filed a complaint with the EEOC alleging discrimination on the basis of race after he scored highest on a qualifying exam but was not hired for the position. <u>Id.</u> at 1067. Before receiving his "right to sue" letter, he reapplied for the same position was again denied. His complaint in the federal action alleged Title VII violations based on both applications for the position. <u>Id.</u> The district court considered both incidents and the Court of Appeals affirmed, finding that a "'right to sue' letter, although not constituting an open license to litigate any claim of discrimination...does permit a court to consider...*new acts occurring during the pendency of the charge before the EEOC*." <u>Id.</u> at 1068 (emphasis added). Indeed, <u>Kirkland</u> is often quoted in retaliation cases where the additional charges to be considered are alleged to have occurred in response to a plaintiff's filing of the initial complaint. <u>See</u>, *e.g.*, <u>Malarkey v. Texaco, Inc.</u>, 983 F.2d 1204, 1209 (2d Cir. 1993) (*quoting* <u>Kirkland</u> for proposition that "the reasonably related

5

rule has been broadly construed to allow judicial redress for most retaliatory acts arising subsequent to an EEOC filing"); *Patel v. Lutheran Medical Center, Inc.*, 753 F. Supp. 1070 (E.D.N.Y. 1991) (Glasser, J.) ("Since [plaintiff's] claim...is said in his fourth cause of action to be in retaliation for his filing charges of age discrimination with the EEOC, under *Kirkland* it is reasonably related."). However, because Trindade's New Claims did not come to fruition during the pendency of his EEOC complaint, they do not fall under the reasoning articulated in *Kirkland*.

A second definition of "reasonably related" is found in *Gomes v. Avco Corp.*, 964 F.2d 1330, 1334 (2d Cir. 1992), where the court permitted the plaintiff to amend his complaint to include a disparate treatment claim. The court reasoned that, because the EEOC complaint alleged discrimination on the basis of national origin, "the EEOC investigation of his charges should have encompassed his disparate impact allegations." *Id.* at 1332-1334 ("we look not merely to the four corners of the often inarticulately framed charge, but take into account the scope of the EEOC investigation which can reasonably expected to grow out of the charge of discrimination.") (citations omitted). Even under this test, Plaintiff fails to show how all but one of the New Claims are of the type that would be revealed during the EEOC investigation of the Original Claims:

Plaintiff's EEOC complaint indicates two grounds: "Evaluation/Appraisal" and "Reasonable Accommodation." (Cleary Aff. Ex B at 3). Plaintiff claimed that his "excellent" performance rating was based on his race, age, Defendant's failure to properly classify the 42 days Plaintiff was out of work for Carpal Tunnel Syndrome, and Defendant's failure to account for various training Plaintiff received. An investigation of these claims would not lead to

discovery of the information necessary to determine whether Plaintiff suffers from diverticulitis, a hernia, or dizzy spells. It would also not reveal whether Plaintiff's race, age or alleged disability caused Plaintiff to be overlooked for other training opportunities. Therefore, neither Plaintiff's new disability claims nor his claim that he was denied training due to his race, age or disability can be considered here.

However, construing Plaintiff's EEOC complaint liberally, the Court may consider Plaintiff's claim of failure to promote, as Plaintiff's performance evaluation is sufficiently related to his promotion prospects. In reviewing Plaintiff's complaint, the EEOC would reasonably have been expected to evaluate whether Defendant's alleged failure to account for Plaintiff's prior awards and training and calculation of Plaintiff's Carpal Tunnel Syndrome-related absence had any impact on his status as an employee and standing within the GS salary structure. *See Gomes*, 964 F.2d 1330 (allowing plaintiff to amend complaint to add disparate treatment because EEOC investigation "would reasonably have been expected" to investigate circumstances giving rise to new claim). Therefore, the failure to promote claim can be considered.

*Remaining Claims*

However, the remaining claims (the Original Claims and the failure to promote claim) must nevertheless fail for want of a crucial element of a prima facie case of discrimination: an adverse employment action.

"[D]iscrimination claims are subject to the well-known burden-shifting analysis set forth in *McDonnell Douglas*."[5] <u>Murphy v. Bd. of Ed. of the Rochester City Sch. Dist.</u>, 273 F. Supp. 2d 292, 301 (W.D.N.Y. 2003). Under *McDonnell*, if a plaintiff is able to establish a prima facie case of discrimination, the burden then shifts to the employer. *Id.* If the employer can show "a legitimate, clear, specific and non-discriminatory reason" for the adverse action," the plaintiff assumes a new burden, that of showing that the employer's proffered reasons are a pretext and that "more likely than not employees membership in a protected class was the real reason for the adverse action." This analysis applies whether the grounds for the alleged discrimination is race, age, national origin or disability. *See* <u>McDonnell</u>, 411 U.S. at 802 (setting forth prima face case of racial discrimination); <u>Abrahamson v. Board of Educ. of Wappingers Falls Cent. School Dist.</u>, 374 F.3d 66, 71 (2d Cir. 2004) (ADEA standard); <u>Alenski v. Potter</u>, 2005 WL 1309043, at *17 (E.D.N.Y. May 18, 2005) (Feuerstein, J.) (Rehabilitation Act standard).

*Failure to Promote*

"To meet [his] initial burden of establishing a prima facie case of discrimination, [Plaintiff] must demonstrate that: (1) [he] is a member of a protected class; (2) [he] applied and was qualified for a job for which the employer was seeking applicants; (3) [he] suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination." <u>Williams v. R.H. Donnelly, Corp.</u>, 368 F.3d 123, 126 (2d Cir. 2004) (*quoting* <u>McDonnell</u>, 411 U.S. at 802). Recognizing that negative evaluations do not rise to the level required to permit recovery, <u>Bennett v. Watson Wyatt & Co.</u>, 136 F. Supp. 2d 236, 247 (S.D.N.Y. 2001), Plaintiff now argues that the actions alleged in (or reasonably related to)

---

[5]<u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

8

his EEOC complaint constitute a failure to promote. However, Plaintiff does not meet the *Williams* standard, as he has failed to allege that he was qualified for a promotion to GS-14. "In order to establish a prima facie case of discrimination, [Plaintiff] must show that [he] met [D]efendant's criteria for the position." *Id.* at 127. Plaintiff has not offered any evidence that he was qualified for an upgrade to GS-14 or would have been if the 42 days he missed had been adjusted or if his prior training were taken into account. *See Williams*, 368 F.3d at 129 (affirming dismissal of failure to promote claim where plaintiff failed to allege the she was qualified for position); *see also Dawson v. Bumble & Bumble*, 398 F. 3d 211, 224 (2d Cir. 2005) ("[Plaintiff's] merely subjective assessment of [his] chances for promotion does not create an issue of fact as to whether [Defendant's] failure to promote [him] was motivated by discriminatory intent.").

Furthermore, Plaintiff offers no evidence from which this Court can draw a reasonable inference of discrimination but says only that younger Caucasian and African-American employees received training and promotions that he deserved. "[C]ourts...must carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture...An inference is not a suspicion or a guess." *Bickerstaff v, Vassar College*, 196 F.3d 435, 558 (2d Cir. 1999). Therefore, Plaintiff has also failed to satisfy the final prong of the prima facie discrimination claim.[6]

---

[6] Some courts in this circuit evaluate failure to promote claims using test slightly different from the one used in *Williams* and this opinion. *See*, *e.g., Petrosino v. Bell Atlantic*, 385 F.3d 210, 226 (2004) (requiring plaintiff to demonstrate that "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications.") Having failed to show he was or would have been qualified for a promotion had he been credited for the training he received and received an adjustment for his alleged Carpal Tunnel Syndrome, Plaintiff would, in any

III. *Conclusion*

Plaintiff's Complaint should be dismissed in its entirety. The Complaint contains unexhausted allegations of permanent disability and race and age discrimination that are neither included in nor reasonably related to Plaintiff's EEOC complaint. Though the Court considered Plaintiff's failure to promote claim as a potential adverse employment action resulting from the Original Claims, Plaintiff has failed to sufficiently allege qualifications consistent with any promotion theoretically offered by Defendant. Plaintiff has also failed to allege Defendant's discriminatory animus in taking the actions complained of by Plaintiff. Therefore, his Complaint must be dismissed.

**SO ORDERED.**

_____S/_____
SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2005
        Brooklyn, NY

---

event, fail the *Petrosino* test.